IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Margo Clark, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>Blue Diamond Growers,<br><br>        Defendant. | Case No. 22 C 1591<br><br>Judge Jorge L. Alonso |

## Memorandum Opinion and Order

Defendant Blue Diamond Growers moves for judgment on the pleadings against Plaintiff Margo Clark for failure to state a claim. (ECF No. 57.) The Court grants in part and denies in part Blue Diamond's motion for the reasons below.

## Background[1]

Blue Diamond is a California cooperative of almond growers that sells almond-based products, including a line of almonds made in a variety of flavors. (Compl. ¶¶ 79–80, ECF No. 1.) One such flavor is Blue Diamond's "Smokehouse® Almonds." (*Id.* ¶¶ 2, 12.) This product is sold in various sizes and its packaging features the label "Smokehouse®", among other words, as well as red and orange coloring. (*Id.* ¶¶ 2, 12, 29.) A copy of the packaging (as it appears in the complaint) is reproduced as follows:

---

[1] The following factual background is taken from the allegations in Clark's complaint (ECF No. 1), which are taken as true and construed in Clark's favor for purposes of Blue Diamond's motion. *See N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998).



(*Id.* ¶ 1.)

Clark bought this product at a CVS store located in Chicago, Illinois, on at least one occasion between March 15, 2022 and March 21, 2022. (*Id.* ¶ 88.) Despite being labeled "Smokehouse®," the almonds in this product are not flavored by smoking the almonds in an actual smokehouse; rather, they attain their smokey flavor through a liquid flavoring. (*Id.* ¶¶ 41–42.)

Clark claims that by labeling the product in this manner, Blue Diamond misled consumers into believing they were purchasing a product flavored in a smokehouse rather than through added liquid smoke flavoring. She further alleges that Blue Diamond sold more of this product at higher prices (*i.e.*, a premium) than it would have in the absence of the smokehouse labeling. Clark seeks to represent a class of consumers from Illinois and 11 other states and

asserts pending claims for violation of: (1) the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"), 815 ILCS 505/1; (2) the consumer-fraud statutes of Alaska, Arkansas, Idaho, Iowa, Montana, Nebraska, South Dakota, Texas, Utah, West Virginia, and Wyoming; and (3) unjust enrichment.

Blue Diamond previously brought a motion to dismiss Clark's claims, which the Court granted in part and denied in part. (*See* ECF No. 48.) Of note, the Court declined to dismiss Clark's ICFA claim after concluding an objective consumer could be misled by Blue Diamond's labeling. (*Id.* at 7–10.) Blue Diamond filed an answer to Clark's complaint and now has moved for judgment on the pleadings as to Clark's remaining claims under Federal Rule of Civil Procedure 12(c).

## Legal Standard

Under Rule 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The only difference between a motion for judgment on the pleadings and a motion to dismiss is timing; the standard is the same." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). Thus, the question is "whether the complaint states a claim to relief that is plausible on its face," meaning "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gill v. City of Milwaukee*, 850 F.3d 335, 339 (7th Cir. 2017) (internal quotation marks and citations omitted). In doing so, a court view the facts in the light most favorable to the nonmoving plaintiff. *N. Ind. Gun & Outdoor Shows*, 163 F.3d at 452.

**Discussion**

The Court first addresses Clark's argument that Blue Diamond's motion is procedurally improper, then addresses Blue Diamond's arguments that Clark has failed to state a claim under the ICFA and certain other consumer-fraud statutes.

1. **Procedural Matters**

At the outset, Clark argues that the Court should deny Blue Diamond's motion because it raises failure-to-state-a-claim arguments that Blue Diamond could have raised in its earlier motion to dismiss. Clark points to Rule 12(g)(2), which states, "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). This ordinarily means that a motion for judgment on the pleadings under Rule 12(c) may not raise a defense available during an earlier motion to dismiss brought under Rule 12(b). However, Rule 12(g)(2) explicitly carves out the exception "provided in Rule 12(h)(2)," which states that, among other things, "[f]ailure to state a claim upon which relief can be granted . . . may be raised . . . by a motion under Rule 12(c)." Fed R. Civ. P. 12(g)(2), (h)(2). Here, Blue Diamond's motion for judgment on the pleadings under Rule 12(c) exclusively raises arguments that Clark's complaint fails to state a claim upon which relief can be granted, which fall squarely within Rule 12(h)(2)'s exception and render Blue Diamond's motion proper.

In her response, Clark fundamentally misreads and misapplies Rule 12 and each of her cited cases, which confirm time and again that Blue Diamond's failure-to-state-a-claim

4

arguments are properly brought in its Rule 12(c) motion.[2] *See Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012) ("Rule 12(g)(2) does not prohibit a new Rule 12(b)(6) argument from being raised in a successive motion."); *Danyus v. DeRosa*, No. 19-1258, 2020 WL 5735123, at *1–2 (C.D. Ill. Sept. 24, 2020) (denying a successive Rule 12(b)(6) motion, recognizing "even if a party omits an available failure-to-state-a-claim defense from a Rule 12 motion, it may still raise that defense . . . by a motion under Rule 12(c)," and noting plaintiff's acknowledgment that the moving defendant "can replead their arguments in a 12(c) motion"); *Muller v. Morgan*, No. 12 C 1815, 2013 WL 2422737 (N.D. Ill. June 3, 2013) ("Rule 12(h)(2), however, preserves a party's ability to make a failure to state a claim argument . . . in a 12(c) motion[.]"); *Doe v. White*, No. 08-1287, 2009 WL 5574196, at *3 (C.D. Ill. Oct. 30, 2009) (rejecting a successive Rule 12(b)(6) motion and stating "[t]he School District could perhaps [have] filed an Answer to the premises claim and then brought a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), since that motion would not be barred by Rule 12(g)(2)," but concluding that the underlying argument still would be waived under the local rules), *rep. and rec. adopted in part and modified in part*, 2010 WL 323510 (C.D. Ill. Jan. 20, 2010) (rejecting the portion of the recommendation as to waiver and finding "that Rule 12(g)(2) does not preclude consideration of the . . . new argument for dismissal"); *Makor Issues & Rts., Ltd. v. Tellabs, Inc.*, No. 02 C 4356, 2008 WL 2178150 (N.D. Ill. May 22, 2008) (recognizing that "Rule 12(h)(2) . . . preserves a party's ability to make a failure to state a claim argument . . . in a 12(c) motion," but "[b]ecause Defendants have

---

[2] The Court reminds the parties' counsels of their duty of candor to the Court, including when presenting legal arguments and caselaw. *See, e.g.*, Fed. R. Civ. P. 11(b) (an attorney certifies in its filings that their "legal contentions are warranted by existing law"); Ill. R. of Prof. Cond. 3.3, Cmt. [4] ("Legal argument based on a knowingly false representation of law constitutes dishonesty toward the tribunal."); N.Y. R. of Prof. Cond. 3.3.

presented their . . . argument in a 12(b)(6) motion . . . the argument technically does not fall into any of the three exceptions to Rule 12(b) outlined in Rules 12(h)(2)").

Blue Diamond's Rule 12(c) motion and arguments are authorized by Rule 12(h)(2)(B) even if they could have been raised in its prior motion to dismiss. The Court therefore considers Blue Diamond's dismissal arguments.

2. **Clark's ICFA Claim**

Blue Diamond argues its "Smokehouse®" trade name on its product label cannot form the basis of a deceptive statement under the ICFA. Though the Court already concluded that "Smokehouse" could give rise to a deceptive statement when denying Blue Diamond's motion to dismiss, Blue Diamond now focuses on the trademark symbol that, in its view, qualifies "Smokehouse®" and warrants dismissal of Clark's ICFA claim. Clark counters that the use of a trademark symbol does not undermine the misleading nature of Blue Diamond's "Smokehouse®" labeling.

The Court agrees with Clark. It already ruled that the term "Smokehouse" might mislead an objective consumer by indicating that Blue Diamond's almonds achieve their flavor via an actual smokehouse rather than merely smoke flavoring. (*See* ECF No. 48 at 7–10.) The addition of a trademark symbol does not change the outcome.

Blue Diamond points to cases from other districts concluding that its "Smokehouse®" label was not misleading and granting dismissal. The Court was already aware that other courts have reached conflicting conclusions when deciding the issue when it considered competing cases and agreed with a Southern District of New York decision's reasoning that Blue Diamond's label might be misleading and so dismissal for failure to state a claim was unwarranted. *See Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 582–83 (S.D.N.Y. 2021) ("[A]

6

reasonable consumer could read the Product's "Smokehouse®" label to believe that the almonds were smoked over a fire in a smokehouse or similar structure."). In doing so, it rejected other courts' reasoning that "Smokehouse®" was not deceptive, including because it included a trademark symbol.

Indeed, Blue Diamond itself filed supplemental authority in support of its prior motion to dismiss and directed the Court to another court's holding "that the 'trademark symbol and ingredient list confirm it is implausible that objectively reasonable consumers would think the almonds were actually smoked.'" (ECF No. 42 at 1 (quoting *Cummings v. Blue Diamond Growers*, No. 1:22-cv-141-AW-HTC, 2023 WL 3487005, at *4 (N.D. Fla. May 15, 2023)).) The Court then addressed *Cummings* and its finding regarding "the trademark symbol" in its prior dismissal order but adopted the reasoning of *Colpitts* rather than *Cummings*. (ECF No. 48 at 9.)

The Court does not change its mind now. As the Court already explained, Blue Diamond's "Smokehouse®" label plausibly indicates to consumers that its almonds were smoked in a smokehouse, as the term suggests a physical structure where food is prepared rather than a mere flavor like "vanilla" or "strawberry"—the fact that Blue Diamond appends a superscripted trademark symbol in its label does not change this. (ECF No. 48 at 9.)

To support dismissal, Blue Diamond cites caselaw rejecting the argument that "the use of a trademark or trade name gives rise to an assurance of quality actionable under the [ICFA]." *Miller v. Showcase Homes, Inc.*, No. 98 C 2009, 1999 WL 199605, at *4 (N.D. Ill. Mar. 31, 1999). Most notably, it points to the Illinois Supreme Court's holding in *Szajna v. General Motors Corp.* that the trade name "Pontiac Ventura" could not support a claim because it did not indicate "the kind or nature of the car's components." 115 Ill.2d 294, 320, 503 N.E.2d 760 (1986). The plaintiff thus could not rely on the trade name as somehow deceiving consumers into

7

believing the car was equipped with a particular transmission. *Id.* Here, in contrast, Blue Diamond's "Smokehouse®" brand name does indicate the "kind or nature" of the almonds it contains—it plausibly indicates that the almonds were smoked in a smokehouse. This case thus is like the cases distinguished in *Szajna* itself, which "involved specific representations of material fact about the vehicles in question which were found to be untrue and therefore actionable." *Id.* Blue Diamond's "Smokehouse®" trade name is not a term like "Showcase" or "Masterpiece" that simply indicates quality more generically—as the Court explained previously, it instead indicates how the product was manufactured and thus can support an ICFA claim. *Cf. Miller*, 1999 WL 199605, at *4 ("There is nothing in *Szajna* to suggest that the use of the Showcase trade name, without more, gives rise to specific warranties of quality under the [ICFA]."); *Schreib v. Walt Disney Co.*, No. 1-05-0094, 2006 WL 573008, at *4 (Ill. App. Ct. Feb. 1, 2006) ("[T]he names of the products, "Gold Collection" and "Masterpiece Collection," do not constitute a written warranty that the videotapes would last for generations.").

Accordingly, and when taking Clark's allegations in the light most favorable to her, the Court again concludes that Blue Diamond's "Smokehouse®" label plausibly misleads consumers. The Court therefore denies Blue Diamond's motion as to Clark's ICFA claim.

3. **Clark's Other Consumer-Fraud Claims**

Clark contemplates bringing class-action claims against Blue Diamond under the consumer-fraud statutes of Alaska, Arkansas, Idaho, Iowa, Montana, Nebraska, South Dakota, Texas, Utah, West Virginia, and Wyoming, in addition to her ICFA and unjust-enrichment claims. Blue Diamond argues that Clark's complaint fails to state a claim by omitting certain statute-specific elements for the consumer-fraud statutes of six of those states: Idaho, Iowa, Nebraska,

8

South Dakota, West Virginia, and Wyoming.[3] Specifically, Blue Diamond argues Clark has failed to plausibly allege fraudulent intent, contractual privity, or pre-suit notice as required by the Idaho, Iowa, South Dakota, West Virginia, and Wyoming statutes, and a Nebraska statutory exemption applies.

Clark does not respond to any of Blue Diamond's substantive arguments, but instead claims it would be premature to dismiss claims under other states' statutes before the class-certification stage. She points to the Court's prior ruling that it would wait until class certification to decide whether she can bring claims under other states' statutes as a proposed class representative, which it concluded was "best framed through the class-certification lens, not standing." (ECF No. 48 at 11.) Here, the issue is not one of class certification or standing but instead whether Clark has stated claims under certain state statutes even if she may serve as a class representative. Clark neither points to any case suggesting the Court should wait to consider these pleading deficiencies nor explains that waiting would do anything but delay an inevitable dismissal of her challenged claims for the reasons Blue Diamond raises. The Court sees no reason to wait until class certification for the present issues, since Blue Diamond's arguments target alleged pleading deficiencies in Clark's claims rather than class-certification-related issues.

As to Blue Diamond's substantive arguments, Clark has not responded to any of them and thus has waived opposition. *See English v. Serv. Emps. Int'l Union, Local 73*, 458 F. Supp. 3d 948, 959 (N.D. Ill. 2020) ("Plaintiffs make no response to defendants' argument . . . and plaintiffs are therefore subject to the doctrines of waiver and forfeiture." (citations omitted)). The

---

[3] Blue Diamond does not currently challenge Clark's anticipated claims under the Alaska, Arkansas, Montana, Texas, or Utah statutes.

9

Court therefore grants Blue Diamond's motion for judgment on the pleadings as to Clark's claims under the Idaho, Iowa, Nebraska, South Dakota, West Virginia, and Wyoming consumer-fraud statutes and dismisses those claims for failure to state a claim.

To the extent Clark summarily requests leave to file an amended complaint in the conclusion of her response brief, she has not explained why amendment is justified—the Court therefore denies her request. *See Loughran v. Wells Fargo Bank, N.A.*, 2 F.4th 640, 651 (7th Cir. 2021) (affirming denial of leave to amend where the plaintiffs "asked to amend only in a single sentence at the close of their response to the defendants' motion to stay or dismiss," which "furnished none of the necessary details, such as how the amended complaint would be different or which defects it would cure").

## Conclusion

The Court grants in part and denies in part Blue Diamond's motion for judgment on the pleadings (ECF No. 57). The Court dismisses Clark's claims under the Idaho, Iowa, Nebraska, South Dakota, West Virginia, and Wyoming consumer-fraud statutes but declines to dismiss Clark's other remaining claims.

**SO ORDERED.**  **ENTERED: February 22, 2024**

 **HON. JORGE ALONSO**
 **United States District Judge**