# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Margo Clark, individually and on behalf of all others similarly situated, | 1:22-cv-01591 |
| Plaintiff, | |
| - against - | Hon. Jorge L. Alonso |
| Blue Diamond Growers, | |
| Defendant | |

Plaintiff's Memorandum of Law in Opposition to
Defendant's Motion to Compel

**TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................... ii

TABLE OF AUTHORITIES .................................................................................................... iii

INTRODUCTION ...................................................................................................................... 1

FACTUAL BACKGROUND ..................................................................................................... 1

LEGAL STANDARDS .............................................................................................................. 2

ARGUMENT .............................................................................................................................. 3

I.    PLAINTIFF'S "CLEAR AND UNEQUIVOCAL RESPONSE[S]" SUFFICIENT UNTIL TRIAL ............................................................................. 3

II.    "REASONABLE INQUIRY" DID NOT REQUIRE PLAINTIFF TO SCOUR PACER OR STORE SHELVES ................................................................. 4

III.    PLAINTIFF'S COUNSEL IS NOT HER "AGENT" IN TRADITIONAL SENSE ............................................................................................................. 7

CONCLUSION ........................................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**

*Armstrong v. Ashley*,
    204 U.S. 272 (1907) ............................................................................................................... 9

*Bowles v. Dorethy*,
    No. 16-cv-4121, 2019 WL 2305139 (C.D. Ill. May 30, 2019) ................................................ 6

*Cada v. Costa Line, Inc.*,
    95 F.R.D. 346 (N.D. Ill. 1982) ................................................................................................ 6

*Climco Coils Co. v. Siemens Energy & Automation, Inc.*,
    No. 04-cv-50342, 2006 WL 850969 (N.D. Ill. Mar. 28, 2006) ............................................... 2

*Curtis v. United States*,
    262 U.S. 215 (1923) ............................................................................................................... 9

*Dubin v. E.F. Hutton Grp.*,
    125 F.R.D. 372 (S.D.N.Y. 1989) ............................................................................................ 4

*First Nat. Bank of Cicero v. United States*,
    625 F. Supp. 926 (N.D. Ill. 1986) ........................................................................................... 9

*Hanley v. Como Inn, Inc.*,
    No. 99-cv-1486, 2003 WL 1989607 (N.D. Ill. Apr. 28, 2003) ................................................ 5

*Hopfinger v. City of Nashville, Illinois*,
    No. 18-cv-1523, 2020 WL 1169342 (S.D. Ill. Mar. 11, 2020) ................................................ 5

*In re Edmonds*,
    110 B.R. 38 (D. Kan. 1989) .................................................................................................... 9

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    No. 07-md-1827, 2011 WL 3566419 (N.D. Cal. Aug. 12, 2011) ........................................... 3

*In re Uponor, Inc., F1807 Plumbing Fittings Prod. Liab. Litig.*,
    No. 11-md-2247, 2012 WL 2325798 (D. Minn. June 19, 2012) ............................................ 8

*In re Willis Towers Watson plc Proxy Litig.*,
    937 F.3d 297 (4th Cir. 2019) .................................................................................................. 8

*Johnson v. Bosman Trucking, Inc.*,
    No. 19-cv-2066, 2021 WL 4498653 (N.D. Ill. Jan. 14, 2021) ................................................ 5

*L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cty., Inc.*,
    558 F. Supp. 2d 378 (E.D.N.Y. 2008) .................................................................................... 8

*L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cty., Inc.*,
  710 F.3d 57 (2d Cir. 2013) .................................................................................................. 7

*Lambert v. Owens*,
  No. 99-cv-50076, 2002 WL 1838163 (N.D. Ill. Aug. 9, 2002) .......................................... 5

*Loudermilk v. Best Pallet Co., LLC*,
  No. 08-cv-06869, 2009 WL 3272429 (N.D. Ill. Oct. 8, 2009) ........................................... 6

*Mayes v. City of Hammond, Indiana*,
  No. 03-cv-379, 2006 WL 2251877 (N.D. Ind. Aug. 1, 2006) ............................................ 2

*Nat'l Semiconductor Corp. v. Ramtron Int'l Corp.*,
  265 F. Supp. 2d 71 (D.D.C. 2003) ..................................................................................... 4

*Patterson v. Burge*,
  No. 03-cv-4433, 2008 WL 4875948 (N.D. Ill. July 29, 2008) ...................................... 4, 5

*Schmitz v. Davis*,
  No. 10-cv-4011, 2010 WL 3861843 (D. Kan. Sept. 23, 2010) .......................................... 9

*Schwab v. Philip Morris USA, Inc.*,
  No. 04-cv-1945, 2005 WL 2467766 (E.D.N.Y. Oct. 6, 2005) ........................................... 7

*Stieberger v. Sullivan*,
  738 F. Supp. 716 (S.D.N.Y. 1990) ..................................................................................... 8

*Stingley v. Laci Transp., Inc.*,
  No. 18-cv-6221, 2021 WL 4980084 (N.D. Ill. Jan. 14, 2021) ........................................... 5

*T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*,
  174 F.R.D. 38 (S.D.N.Y. 1997) .......................................................................................... 5

*Vergara v. City of Waukegan*,
  No. 04-cv-6586, 2007 WL 3334501 (N.D. Ill. Nov. 6, 2007) ....................................... 6, 7

*Waldrup v. Countrywide Fin. Corp.*,
  No. 13-cv-08833, 2019 WL 7943470, at *3 (C.D. Cal. July 17, 2019) .............................. 4

*Wanke v. Lynn's Transp. Co.*,
  836 F. Supp. 587 (N.D. Ind. 1993) .................................................................................... 2

**Other Authorities**

Fed. R. Civ. P. 37,
  Advisory Committee Notes, 1970 ...................................................................................... 3

**Treatises**

7
Moore's Federal Practice § 36.12 (2011) .................................................................................. 3

*Meese v. Eaton Mfg. Co.*,
35 F.R.D. 162 (N.D. Ohio 1964) ............................................................................................ 4

Wright, et al.,
8B Federal Practice and Procedure § 2263 (3d ed. 2010) ......................................................... 3

**Rules**

Fed. R. Civ. P. 36(a)(1) ................................................................................................................. 2

Fed. R. Civ. P. 36(a)(4) ............................................................................................................ 3, 4

## INTRODUCTION

Plaintiff Margo Clark ("Plaintiff") submits this Memorandum of Law, Declaration of Margo Clark ("Clark Decl."), and Declaration of Spencer Sheehan ("Sheehan Decl.") in Opposition to the Motion by Blue Diamond Growers ("Defendant") to Compel. ECF No. 67, Memorandum of Law in Support of Motion to Compel ("Def. Mem.").

## FACTUAL BACKGROUND

Plaintiff bought almonds she believed were made through a smoking process. Upon learning this was false, she filed suit.

During discovery, Plaintiff responded to Defendant's First Set of Requests for Admission. Ten requests were directed to her personal knowledge, mainly based on facts relevant to her purchase of the Product, and the labeling itself. ECF No. 68-2, RFA Nos. 1, 2, 3, 4, 15, 17, 18, 19, 20, 21 ("Non-Contested RFAs").

The remaining fourteen sought her admission about (1) Defendant's pricing practices, (2) the relationship between retailers, distributors, and manufacturers, (3) prices of smoked almonds she never alleged to have bought, in cities she never alleged she visited, and (4) the existence of seasoning products, by companies not parties to this action. ECF No. 68-2, RFA Nos. 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 22, 23, and 24 ("Contested RFAs").

During the first meet-and-confer, Plaintiff's Counsel confirmed that Plaintiff's "reasonable inquiry," as a consumer and named plaintiff, was based on "information [she] knows or can readily obtain." ECF No. 68-4 at 9-15.

Defendant switched gears, demanding that Plaintiff's Counsel answer the Contested RFAs as her purported "agent." ECF No. 68-5.

Plaintiff responded that issues of agency, among other things, precluded her Counsel from responding on her behalf. ECF No. 68-6 at 4-10. As Defendant's demands and explanations of what it sought expanded, so did her Counsel's responses.

Despite Plaintiff's accurate and compliant responses to the Contested RFAs, Defendant now asks the Court to "deem the Contested RFAs admitted or, alternatively, compel Plaintiff['s] [Counsel]" to answer based on their general knowledge. ECF No. 67 at 6.

## LEGAL STANDARDS

Rule 36 of the Federal Rules of Civil Procedure provides that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1).

When a "challenge to sufficiency of responses is made under Rule 36, it is the party opposing the challenge that has the burden of persuasion to show that the response to the request is sufficient." *Climco Coils Co. v. Siemens Energy & Automation, Inc.*, No. 04-cv-50342, 2006 WL 850969, at *1 (N.D. Ill. Mar. 28, 2006). What matters is "the specificity of the response; not the response's accuracy." *Climco Coils Co.*, 2006 WL 850969, at *1.

Should "a party believe[] a response to a request to admit is incorrect, the appropriate remedy under Rule 26 is to prove the matter at trial, and then apply to the court for reasonable expenses, including reasonable attorney fees, in making that proof." *Mayes v. City of Hammond, Indiana*, No. 03-cv-379, 2006 WL 2251877, at *2 (N.D. Ind. Aug. 1, 2006) quoting *Climco Coils Co.*, 2006 WL 850969, at *1 citing *Wanke v. Lynn's Transp. Co.*, 836 F. Supp. 587, 598 (N.D. Ind. 1993).

## ARGUMENT

I.  **PLAINTIFF'S "CLEAR AND UNEQUIVOCAL RESPONSE[S]" SUFFICIENT UNTIL TRIAL**

There is no dispute that Plaintiff timely responded to Defendant's RFAs. In response to the Contested RFAs, Plaintiff's answers "state[d] in detail why [she] cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4).

She "assert[ed] lack of knowledge and information as the reason for failing to admit or deny" technical questions about marketing and pricing, having "made a reasonable inquiry [based on] information [she] knows or can readily obtain." ECF No. 68-4 *compare with* Fed. R. Civ. P. 36(a)(4) ("The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.").

Defendant contends that the "reasonable inquiry" made by Plaintiff was insufficient, but "Rule 36 does not provide for a pretrial hearing on whether the response is warranted by the evidence thus far accumulated." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-md-1827, 2011 WL 3566419, at *3 (N.D. Cal. Aug. 12, 2011) quoting Fed. R. Civ. P. 37, Advisory Committee Notes, 1970.

As Plaintiff's "response [] contains the proper detail ... the propounding party may not challenge the denial on the ground that it is unsupported by the evidence." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 3566419, at *3 quoting Wright, et al., 8B Federal Practice and Procedure § 2263 (3d ed. 2010) and 7 Moore's Federal Practice § 36.12 (2011) ("Rule 36 does not authorize the court to make determinations on the accuracy of responses before trial.").

Second, the Contested RFAs "are replete with terms of legal significance; although these requests do not necessarily call for legal conclusions, they do force these lay[wo]men to assent to

3

sentences containing terms which might be beyond their full comprehension." *Meese v. Eaton Mfg. Co.*, 35 F.R.D. 162, 165 (N.D. Ohio 1964) (sustaining objections as to requests for admission based on knowledge of individual plaintiffs)

Third, the Contested RFAs "are not simple and concise statements of fact," but require detailed knowledge of facts beyond what Plaintiff knows. *Dubin v. E.F. Hutton Grp.*, 125 F.R.D. 372, 374 (S.D.N.Y. 1989).

Fourth, Plaintiff's responses went beyond the "bland assertion of lack of knowledge…[to] meet the required specificity of Rule 36(a)(4)," because "[the] details in [her] answers about the 'reasonable inquiry' [she] undertook" was based on "the information [she] knows or can readily obtain [which] [wa]s insufficient to enable her to admit or deny" the Contested RFAs. Def. Mem. at 14 quoting *Patterson v. Burge*, No. 03-cv-4433, 2008 WL 4875948, at *5 (N.D. Ill. July 29, 2008) and *Bosman Trucking*, 2021 WL 4498653, at *3; ECF No. 68-4.

Over several months, Plaintiff's Counsel "provide[d] explanation that contextualize[d] [the] challenged response[s]." *Keralink Int'l, Inc. v. Stradis Healthcare, LLC*, No. 18-cv-2013, 2021 WL 1198150, at *5 (D. Md. Mar. 30, 2021).

In this circumstance, "Relief [is] inappropriate [since] the request[s] 'breed[] additional litigation because [Defendant] is dissatisfied with [Plaintiff's] [] answer[s]." *Nat'l Semiconductor Corp. v. Ramtron Int'l Corp.*, 265 F. Supp. 2d 71, 74 (D.D.C. 2003).

## II. "REASONABLE INQUIRY" DID NOT REQUIRE PLAINTIFF TO SCOUR PACER OR STORE SHELVES

The "the standard of 'reasonable inquiry' under Rule 36 is a relative standard depending on the particular facts of each case." *Waldrup v. Countrywide Fin. Corp.*, No. 13-cv-08833, 2019 WL 7943470, at *3 (C.D. Cal. July 17, 2019) quoting *Dubin*, 125 F.R.D. at 374. For numerous

4

reasons, Defendant's authority is inapposite, as it seeks to graft standards from different types of cases, with different types of plaintiffs, to the present facts.

First, "A 'reasonable inquiry is limited to review and inquiry of those persons and documents that are within [Plaintiff's] control." *Whole Woman's Health All. v. Hill*, No. 18-cv-01904, 2020 WL 1028040, at *5 (S.D. Ind. Mar. 2, 2020) quoting *Hanley v. Como Inn, Inc.*, No. 99-cv-1486, 2003 WL 1989607, at *2 (N.D. Ill. Apr. 28, 2003); *Hopfinger v. City of Nashville, Illinois*, No. 18-cv-1523, 2020 WL 1169342, at *2 (S.D. Ill. Mar. 11, 2020) quoting *Hanley*, 2003 WL 1989607, at *2 citing *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F.R.D. 38, 43 (S.D.N.Y. 1997).

Second, unlike in *Stingley*, *Johnson*, and *Lambert*, where the information sought to be admitted was information within those plaintiffs' possession and knowledge i.e., "the[ir] driving routes and their frequency" and "whether certain items were found in [p]laintiff's cell during a search," the "reasonable inquiry" required of Plaintiff "[wa]s limited to review and inquiry of those persons and documents that are within [her] control." Def. Mem. at 14 citing *Stingley v. Laci Transp., Inc.*, No. 18-cv-6221, 2021 WL 4980084, at *3 (N.D. Ill. Jan. 14, 2021), *Johnson v. Bosman Trucking, Inc.*, No. 19-cv-2066, 2021 WL 4498653, at *3 (N.D. Ill. Jan. 14, 2021) and *Lambert v. Owens*, No. 99-cv-50076, 2002 WL 1838163, at *2 (N.D. Ill. Aug. 9, 2002).

Third, the plaintiffs in *Patterson* and *Bosman Trucking* were asked to admit facts about personal experiences, including being "falsely imprison[ed], maliciously prosecute[d]; [] deprive[d] [] of [] Constitutional rights," and their "driving routes and their frequency." *Patterson*, 2008 WL 4875948, at *4 citing RFA Nos. 37 and 38) and *Bosman Trucking*, 2021 WL 4498653, at *3. The Non-Contested RFAs about Plaintiff's personal experiences are not at issue, because she answered those in a way that cannot be disputed.

5

In *Bowles*, the plaintiff sought to confirm that "'[defendant]' said that there was nothing that the Healthcare Unit could do until [plaintiff] was actually having a seizure," and because the responding party "d[id] not explain what reasonable inquiry she made or what readily available information she consulted," the motion to compel was granted. *Bowles v. Dorethy*, No. 16-cv-4121, 2019 WL 2305139, at *1 (C.D. Ill. May 30, 2019).

In *Loudermilk*, the plaintiff refused to admit "the genuineness of [specific] documents," which is "usually straightforward." *Loudermilk v. Best Pallet Co., LLC*, No. 08-cv-06869, 2009 WL 3272429, at *3 (N.D. Ill. Oct. 8, 2009) (granting motion to compel response to requests for admission where "[p]laintiff has gathered evidence relevant to the assertions set forth in the requests.").

For these reasons, the court in *Cada* denied, "in principal part," a motion to compel further responses by passengers against a cruise ship company, as it would have required that defendant to "engag[e] in research and pursuing other leads that-in the context of this litigation-are apt subjects for investigation by [the requesting party]." *Cada v. Costa Line, Inc.*, 95 F.R.D. 346, 348 (N.D. Ill. 1982).

Like in *Cada*, Defendant seeks "to thrust on [Plaintiff], as a condition of making a good faith statement of 'reasonable inquiry' under Rule 36(a), the burden of doing [Defendant's] job for them," which is prohibited, with respect to its pricing and sales practices. *Cada*, 95 F.R.D. at 348.

To the extent answers to Defendant's requests may be responded to by relying on documents supplied to Plaintiff in discovery, "reliance on documentation of facts outside the requests themselves are generally considered improper." *Vergara v. City of Waukegan*, No. 04-cv-6586, 2007 WL 3334501, at *2 (N.D. Ill. Nov. 6, 2007) (denying motion to compel responses to

6

RFAs because "it is evident the defendants would not be required to reference all 530 applications to either admit, deny, say they do not know, or explain why they cannot answer.").

Since "facts admitted in an answer to a request for admission should be ascertainable by examination of the request," and the Contested RFAs are bereft of such facts or even specific documents attached thereto, Plaintiff's responses should be sustained. *Vergara*, 2007 WL 3334501, at *2.

Finally, Defendant's requirement, that a named plaintiff in a case about false labeling is required to scour Pacer, and hone her knowledge of marketing and retail practices, while going to stores with a pencil and notebook, writing down prices of other products she never bought, would immediately render her "atypical," and not representative of the class of purchasers she seeks to represent, even if she was capable of doing these things.

### III. PLAINTIFF'S COUNSEL IS NOT HER "AGENT" IN TRADITIONAL SENSE

Defendant's attempt to invoke "agency" in the context of this proposed class action, albeit pre-certification, overlooks that "Principles of agency applicable in the single-attorney-single-client relationship cannot be transposed into the class action context under present circumstances." Def. Mem. at 11-14 citing *Stark-Romero v. Nat'l R.R. Passenger Co.*, 275 F.R.D. 551, 558 (D.N.M. 2011), *Treister v. PNC Bank*, 2007 WL 521935, at *2 (S.D. Fla. Feb. 15, 2007) and *Taborn v. Unknown Officers*, No. 00-cv-652, 2001 WL 138908, at *2 (N.D. Ill. Feb. 16, 2001) *compare with L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cty., Inc.*, 710 F.3d 57, 67 (2d Cir. 2013) citing *Schwab v. Philip Morris USA, Inc.*, No. 04-cv-1945, 2005 WL 2467766, at *4 (E.D.N.Y. Oct. 6, 2005) quoting Restatement (Third) of the Law Governing Lawyers § 14 cmt. f ("Class actions may pose difficult questions of client identification.").

7

Defendant has described "plaintiff's counsel [a]s an agent of plaintiff," thus requiring her responses to "include information in her counsel's knowledge and possession." Def. Mem. at 11 citing *New Mexico ex rel. Balderas v. Real Est. L. Ctr., P.C.*, 405 F. Supp. 3d 1233, 1253 (D.N.M. 2019) ("A reasonable inquiry means that a party has to ask its counsel, and if its counsel knows the response, the party needs to use that information to admit or deny.") and *Treister v. PNC Bank*, 2007 WL 521935, at *2 (S.D. Fla. Feb. 15, 2007) ("[T]he current framework of the discovery rules [] repeatedly requires the disclosure of information in discovery that is in the possession of the parties themselves, their attorneys, or any other agent that they control.").

Defendant's position "would be imputing [her attorney's] knowledge to the [proposed] plaintiff class," a "principle [] developed in the context of individual clients, and [] should [not] be applied in the same way for class actions." *In re Willis Towers Watson plc Proxy Litig.*, 937 F.3d 297, 309 (4th Cir. 2019) citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962).

District courts considering similar issues "have generally declined to impute knowledge from class counsel to class members unless that counsel had previously represented those class members in related individual suits." *In re Willis Towers Watson plc Proxy Litig.*, 937 F.3d at 309 citing *L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cty., Inc.*, 558 F. Supp. 2d 378, 396-99 (E.D.N.Y. 2008), *Schwab*, 2005 WL 2467766, at *4 and *Stieberger v. Sullivan*, 738 F. Supp. 716, 726-27 (S.D.N.Y. 1990). Plaintiff's Counsel has not previously represented Plaintiff Clark.

Moreover, Plaintiff's Counsel's general knowledge was not "acquired while acting in regard to" the present attorney-client relationship with Plaintiff Clark, but in the context of other cases and generally. *In re Uponor, Inc., F1807 Plumbing Fittings Prod. Liab. Litig.*, No. 11-md-2247, 2012 WL 2325798, at *3 (D. Minn. June 19, 2012), *aff'd*, 716 F.3d 1057 (8th Cir. 2013)

8

citing *Armstrong v. Ashley*, 204 U.S. 272, 283 (1907) (imputing knowledge only where it was obtained "within the sphere of their duty").

The general agency rule is that "a principal is charged with the knowledge of the agent acquired by the agent in the course of the principal's business." *First Nat. Bank of Cicero v. United States*, 625 F. Supp. 926, 931 (N.D. Ill. 1986), on reconsideration, 653 F. Supp. 1312 (N.D. Ill. 1987), on reconsideration in part, 664 F. Supp. 1169 (N.D. Ill. 1987), *aff'd sub nom. First Nat. Bank of Cicero v. Lewco Sec. Corp.*, 860 F.2d 1407 (7th Cir. 1988), and *vacated sub nom. First Nat. Bank of Cicero v. Lewco Sec. Corp.*, 860 F.2d 1407 (7th Cir. 1988) quoting *Curtis v. United States*, 262 U.S. 215, 222 (1923).

Defendant cannot "impute[] an attorney's knowledge to [] plaintiffs at a time [Plaintiff's Counsel] was not shown to have been employed by [her]," which means that if Plaintiff's Counsel learned information separately from representing Plaintiff Clark, it cannot be ascribed to this attorney-client relationship. *Schmitz v. Davis*, No. 10-cv-4011, 2010 WL 3861843, at *6 (D. Kan. Sept. 23, 2010) citing *In re Edmonds*, 110 B.R. 38, 40 (D. Kan. 1989) ("The law is well-settled that the knowledge acquired by an attorney during the time he is acting within the scope of his employment is imputed to the client.").

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion. In doing so, it should not impose costs on Defendant.

Dated: March 1, 2024

Respectfully submitted,

Sheehan & Associates P.C.
/s/Spencer Sheehan
60 Cuttermill Rd Ste 412
Great Neck NY 11021
Tel: (516) 268-7080
spencer@spencersheehan.com

9

**Certificate of Service**

I certify that on March 1, 2024, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ | ☐ |
| Plaintiff's Counsel | ☐ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☒ | ☐ | ☐ | ☐ |

s/ Spencer Sheehan