UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARGO CLARK, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>BLUE DIAMOND GROWERS,<br><br>Defendant. | Case No. 22-cv-01591<br><br>Judge Jorge L. Alonso<br><br>Magistrate Judge Beth W. Jantz |

## ORDER

For the reasons discussed more fully below, Defendant's Motion to Compel [67] is granted in part and denied in part. Plaintiff must serve amended answers consistent with this Order within 14 days of entry. Fact discovery was previously closed on 5/10/24, with the exception of Plaintiff's deposition and any discovery resulting from this Order [76]. The parties are ordered to file a joint status report by 9/4/24 confirming a scheduled or completed date for Plaintiff's deposition, confirming the service of the amended answers, and proposing next steps for this litigation (*i.e.*, expert discovery, class certification, dispositive motions, or a settlement conference).

## BACKGROUND

Plaintiff Margo Clark ("Plaintiff") brings the instant class action suit against Defendant Blue Diamond Growers ("Defendant"), alleging that Defendant misleadingly labeled its Smokehouse® Almonds products (the "Smokehouse Almonds"). (Dkt. 67 at 2.) Defendant claims that Plaintiff's counsel has filed several additional lawsuits in other District Courts across the country with identical allegations to the instant suit. (*Id.*). At least two of these suits were

1

dismissed when the plaintiff was unable to prove an injury because there was no evidence that Defendant charged more for its Smokehouse Almonds than it does for its other almond products. *See Colpitts v. Blue Diamond Growers,* No. 20 CIV. 2487 (JPC), 2023 WL 2752161, at *5 (S.D.N.Y. Mar. 31, 2023) (granting summary judgment because "[n]o reasonable factfinder could conclude from the evidence in the record that Plaintiff has established that he paid a price premium for the Smokehouse Almonds"); *see also Zapadinsky v. Blue Diamond Growers*, No. 23-CV-231-JPS, 2023 WL 5116507, at *5 (E.D. Wis. Aug. 7, 2023) ("Plaintiff has no overpayment injury or benefit-of-the-bargain damages, and accordingly, no Article III standing to sue").

In the instant suit, Defendant served Plaintiff with Requests for Admission ("Requests") pursuant to Federal Rule of Civil Procedure 36. (Dkt. 68-1.) The Court will not recount each Request here, but the contested Requests broadly fall into two categories: 1) the pricing practices for Defendant's almond products by Defendant and various retailers;[1] and 2) other companies' marketing of other Smokehouse labeled products.[2] (*Id.*) For each of the relevant Requests, Plaintiff responded that she could not truthfully admit or deny the Request and affirmed that she had "made a reasonable inquiry and that the information it (sic) knows or can readily obtain is insufficient to enable her to admit or deny" the Request. (Dkt. 68-2.) Defendant believes that Plaintiff's responses are inadequate and has moved for this Court to deem Requests 5-14, 16, and 22-24 admitted, or, in the alternative, order Plaintiff to serve amended answers. Defendant argues

---

[1] *See e.g.*, Request 8 ("Admit that BDG sells the Almonds to retailers and distributors for the same price as it sells equivalent pack sizes of its other flavors of almonds, including its unflavored Whole Natural almonds"); Request 10 ("Admit that CVS sells the Almonds for the same price it sells equivalent pack sizes of other flavors of Blue Diamond almonds, including its unflavored Whole Natural Almonds").

[2] *See, e.g.,* Request 22 ("Admit that McCormick & Company manufactures and sells a Grill Mates Smokehouse Maple Seasoning"); Request 23 (Admit that Beasley's makes Smokehouse Rubs and Spice Blends"); Request 24 ("Admit that Kingsford makes a Smokehouse Classic All-Purpose Seasoning").
2

that Plaintiff's responses are insufficient because: 1) she failed to provide a detailed description of the "reasonable inquiry" she took in drafting her responses to the Requests; and 2) she failed to expand her inquiry beyond her personal knowledge to include information in the public domain and facts that her counsel learned from litigating other similar cases. (Dkt. 67 at 10-15.) For the reasons discussed more fully below, Defendant's motion is granted in part and denied in part.

## DISCUSSION

Federal Rule of Civil Procedure 36 governs Requests for Admission. A party may serve on any other party a written request to admit relating to facts, the application of law to fact, opinions, or "the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P 36(a)(4). "Rule 36 requires a party to describe the specific reasons why, after its reasonable inquiry, the party still lacked knowledge sufficient to admit or deny the matter." *Loudermilk v. Best Pallet Co., LLC*, No. 08 C 06869, 2009 WL 3272429, at *1 (N.D. Ill. Oct. 8, 2009) (citing *Cada v. Costa Line, Inc.*, 95 F.R.D. 346, 347-48 (N.D. Ill. 1982)). "Whether an inquiry is reasonable depends on the facts of the case," but "[g]enerally, a responding party complies with Rule 36(a)(4) by consulting persons under its control." *Id.* This may require consulting third parties or "officers, administrators, agents, employees, servants, enlisted or other personnel, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response." *Id.* (citing *Taborn v. Unknown Officers*, 2001 WL 138908, at *3 (N.D. Ill. Feb.16, 2001)). A responding party "is not permitted to merely rely on his lack of personal knowledge when responding to requests to admit." *Lambert v. Owens*, No. 99 C 50076, 2002 WL 1838163,

3

at *1 (N.D. Ill. Aug. 9, 2002). "On finding that an answer does not comply with [Rule 36], the court may order either that the matter is admitted or that an amended answer is served." Fed. R. Civ. P. 36(a)(6).

In this case, the Court finds that Plaintiff's responses do not satisfy the requirements of Rule 36 because she failed to specify the reasonable inquiry she took before asserting a lack of knowledge. [*See* Dkt. 68-2.] As noted above, courts in this District require responding parties "to describe the specific reasons why, after its reasonable inquiry, the party still lacked knowledge sufficient to admit or deny the matter." *Loudermilk,* 2009 WL 3272429, at *1. Here, Plaintiff did not provide any specific information regarding the reasonable inquiry she undertook, instead essentially parroting back the language in Rule 36. This does not allow the Court to make the "fact-specific inquiry" regarding the reasonableness of Plaintiff's efforts. *See, e.g., Johnson v. Bosman Trucking, Inc.,* No. 19 C 2066, 2021 WL 4498653, at *3 (N.D. Ill. Jan. 14, 2021); *see also Hanley v. Como Inn, Inc.*, No. 99 C 1486, 2003 WL 1989607, at *4 (N.D. Ill. Apr. 28, 2003) (where responding party does not provide explanation why it lacks knowledge, "the Court cannot make a determination as to whether [they have] fulfilled [their] obligation to make a reasonable inquiry into these matters" (internal citations omitted)). Therefore, her responses are inadequate. The Court orders Plaintiff to serve amended answers within 14 days of this Order that specifically describe the inquiry(s) Plaintiff made and why the information she can readily obtain is insufficient to enable her to admit or deny the Requests.[3]

---

[3] The Court notes that Plaintiff has filed an affidavit regarding her efforts [dkt. 72], but has not yet integrated that information into her responses. If Defendant continues to believe that Plaintiff's responses are inadequate after amendment that includes the information in that affidavit and anything else that Plaintiff chooses to include in her amended responses, it may file a renewed motion after meeting and conferring further with Plaintiff. The Court does not prejudge the issue, but based on what is before the Court at this time, the contested Requests do not seem to seek information that would be readily obtainable or ascertainable by a normal ***consumer*** of almond

The Court denies, however, Defendant's motion to the extent that it seeks to deem the facts sought by the Requests to be admitted. The Court believes that would be a harsh penalty that is not warranted at this time by the facts of this case, and that it would be more prudent to allow Plaintiff an opportunity to amend her answers first.[4]

The Court also rejects Defendant's argument that the knowledge Plaintiff's counsel gained in other cases should be used to formulate her responses to the Requests. Essentially, Defendant argues that Plaintiff's counsel knows that he cannot prove that Plaintiff has standing to bring the claims in this suit because identical claims were dismissed in *Zapadinsky* and *Colquitt*. (Dkt. 67 at 12-13.) Defendant has cited no case from the Seventh Circuit holding that facts learned by counsel in other litigation should be imputed to the client in responding to Requests for Admission; nor is the Court aware of any such case, and the cases cited by Defendant are distinguishable.

For example, Defendant cites *Adkins Energy, LLC v. Farmland Mut. Ins. Co.*, Case. No. 04 C 50482, 2009 WL 1259344, at *4 (N.D. Ill. May 6, 2009) to stand for the proposition that parties are required to "gain the knowledge needed to answer [requests for admission] by calling

---

products, and, as an individual, Plaintiff's access to information about almond pricing (particularly historical prices, which may vary by geography as well) may be very limited. The Court is wary of "thrust[ing] on [the responding party], as a condition of making a good faith statement of 'reasonable inquiry' under Rule 36(a), the burden of doing [the requesting party's] job for them," *Cada v. Costa Line, Inc.*, 95 F.R.D. 346, 348 (N.D. Ill. 1982). Despite Defendant's argument to the contrary, [dkt. 67 at 18-19], the Court is not certain that a "reasonable inquiry" requires an individual consumer to search the internet or comparison shop at brick-and-mortar stores for almond pricing information that may often change depending on location, time, and sales promotions. For any future motion, the Court notes that Rule 37(a)(5) is specifically applicable to motions to compel pursuant to Rule 36(a)(6), and the Court may award expenses to the winning side, unless the losing side's position was substantially justified or the award of expenses would be unjust.

[4] To the extent Plaintiff believes that she need not respond to the Requests because they are "improper," the Court rejects that argument. [Dkt. 67 at 8-9.] The Requests are not improper, although the Court understands that it is possible that Plaintiff may lack the knowledge sufficient to admit or deny the Requests after a reasonable inquiry.

5

its counsel or previous counsel and simply asking." (Dkt. 67 at 12.) However, this is a selective reading of that case. The quote above relates to a request confirming that "[t]he law firm of Locke Lord Bissell & Liddell, LLP was previously named Lord Bissell & Brook." *Id.* at *6. Again, what constitutes a reasonable inquiry is a fact specific question; the request at issue in *Adkins Energy* was about the name of the law firm itself, and, therefore requiring plaintiff to consult counsel on that issue made sense. But *Adkins Energy* did not hold that a party must consult counsel about all facts gleaned from previous, similar cases litigated by counsel. Moreover, the court in *Adkins Energy* specifically rejected the requesting party's attempts to shoehorn in statements made in other litigation by "seek[ing] to enter as judicial admissions statements and allegations that were made in motions, responses, and pleadings filed in other cases." *Id.* at *6. The Court specifically held that "[b]y requesting that [plaintiff] admit allegations and statements made in motions, responses, and pleadings filed in past cases, [defendant] seeks to transform those allegations and statements into judicial admissions in this case," which "undermines Rule 8, Rule 11, and the Seventh Circuit's holding in [*Kohler v. Hindman, Inc.*, 80 F.3d 1181, 1185 (7th Cir. 1996)]." *Id.* at 7. Defendant is attempting a similar gambit here. It is essentially trying to force Plaintiff in this case to adopt the findings other courts made in *Zapadinsky* and *Colquitt*. The Court does not believe that is appropriate, the caselaw cited by Defendant does not support it, and this Court therefore will not require Plaintiff to rely on her counsel's experiences with separate litigation to respond to the Requests in this suit.[5]

---

[5] The other cases cited by Defendant are likewise not applicable or unpersuasive. In *Scholz v. Norfolk Southern Railway Co.*, No. 07 C 0378, 2007 WL 1875980, at *2 (N.D. Ill. June 26, 2007), the other "case handled by Plaintiff's counsel" was "specifically referenced in Plaintiff's Responses to Defendant's Request for Admission . . ." In this case, Plaintiff has not interjected any other cases into this suit, which distinguishes this case from *Scholz*. Although the out-of-Circuit cases Defendant cites are not binding on the Court, they also do not appear helpful to Defendant's position anyhow. If this Court followed the holding in *Stark-Romero v. Nat'l R.R.*

*Taborn* does not support Defendant's arguments either. Defendant cites *Taborn* to assert that parties must consult their agents in responding to Requests for Admission. *See* 2001 WL 138908, at *1 (quoting *T. Rowe Price Small–Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 42 (S.D.N.Y.1997)) ("Reasonable inquiry includes investigation and inquiry of any of defendant's officers, administrators, agents, employees, servants, enlisted or other personnel, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response"). Defendant maintains that counsel's knowledge should be included in the responses to the Requests because counsel is an agent of Plaintiff. In *Taborn*, the court was ordering the City of Chicago to interview its police officers to determine if they were acting within the scope of their employment at the time of the relevant incident. *Id.* at *1-2. That case presented a situation where a party-entity was required to consult individuals under its control, which that court emphasized were its **own employees**, to adequately respond to Rule 36 requests, and the Court believes that the portion quoted by Defendant in its brief should remain limited to similar circumstances as *Taborn*. The Court will not extend *Taborn* to hold that an individual plaintiff in a class action suit must consult her **own attorney** to see what facts counsel has learned from litigating other similar cases.

To the extent that Defendant believes that Plaintiff's counsel should know from his experiences in *Zapadinsky* and *Colquitt* that Plaintiff's claims are not warranted by existing law or that the factual contentions in the complaint lack evidentiary support, Rule 11(b) provides the

---

*Passenger Co.*, 275 F.R.D. 551, 557 (D.N.M. 2011), Defendant's motion would be denied because the court held that "[t]o add the requirement that the answering party must describe in detail what the party has done to reasonably inquire is to write into the rule language that is not there." *Treister v. PNC Bank*, 2007 WL 521935, at *2 (S.D. Fla. Feb. 15, 2007) dealt with Requests for Admission that sought application of facts to law, which is a scenario that would necessarily require the assistance of counsel, but is not an issue presented by the Requests relevant to the motion at bar.

7

appropriate avenue to present any such arguments. However, a Rule 36 motion is an inappropriate vehicle to attempt to prove that opposing counsel should know that the evidence will not support the claims he files on Plaintiff's behalf.

## **CONCLUSION**

Defendant's Motion to Compel [67] is granted in part and denied in part.

Dated: 8/7/24

_____
BETH W. JANTZ
United States Magistrate Judge