IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Margo Clark, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 22 C 1591 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| Blue Diamond Growers, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Margo Clark brings this putative class action alleging Defendant Blue Diamond Growers engaged in deceptive marketing. R. 1. Clark now moves for class certification. R. 114. For the reasons stated below, that motion is denied.

**Background**

Blue Diamond is a cooperative of California almond growers that sells different flavors of almonds, including "Smokehouse® Almonds." R. 127 at 9. The Smokehouse® Almonds are not actually smoked on hardwood in a smokehouse. R. 117 at 7. Instead, the smokey flavor comes from seasoning. *Id.* Clark alleges that by labeling the almonds as "Smokehouse®", Blue Diamond misled consumers into believing that they were purchasing almonds smoked in a smokehouse, which allowed Blue Diamond to sell more Smokehouse® Almonds at higher prices. R. 1 ¶¶ 3, 66. She further alleges that such actions were in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"). *Id.* ¶¶ 105–110. She now seeks to certify a class of all Illinois purchasers of Blue Diamond's Smokehouse® Almonds from March 2019 through the present. R. 114.

**Legal Standard**

To be certified, a putative class must satisfy the requirements of Federal Rule of Civil Procedure 23, and district courts have "broad discretion" to determine whether a putative class meets those requirements. *Howland v. First Am. Title Ins. Co.*, 672 F.3d 525, 528 (7th Cir. 2012). Among other requirements under Rule 23, a class may only be certified if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Critically, a plaintiff "cannot be an adequate representative of the class . . . if it is subject to a defense that couldn't be sustained against other class members." *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 725 (7th Cir. 2011). As the Seventh Circuit has explained:

> The presence of even an arguable defense peculiar to the named plaintiff or a small subset of the plaintiff class may destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiff's representation. The fear is that the named plaintiff will become distracted by the presence of a possible defense applicable only to him so that the representation of the rest of the class will suffer.

*Id.* at 726 (citations omitted). In other words, where "it is predictable that a major focus of the litigation will be on an arguable defense unique to the named plaintiff or a small subclass, then the named plaintiff is not a proper class representative." *Koos v. First Nat. Bank of Peoria*, 496 F.2d 1162, 1164 (7th Cir. 1974). The unique defense need not be a slam dunk; it need only be arguable. *See Lipton v. Chattem, Inc.*, 289 F.R.D. 456, 460 (N.D. Ill. 2013) (citing *CE Design*, 637 F.3d at 726) ("[T]he jury *might* excuse the harmful testimony [and] return a verdict in [plaintiff's] favor. But a defense need not be a sure bet to defeat a proposed class representative's adequacy; the defense need only be 'arguable.'").

**Discussion**

To prevail on an ICFA claim for deceptive advertising, a plaintiff must plead proximate causation, in other words, that the plaintiff was, "in some manner, deceived" by the defendant's advertising. *Oliveira v. Amoco Oil Co.*, 776 N.E.2d 151, 164 (Ill. 2002). A plaintiff, however, cannot show proximate causation, where he knows the truth and as such, is not deceived. *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 863 (Ill. 2005) ("Because he was not deceived by [defendant], [plaintiff] failed to establish the proximate causation necessary to recover under the Consumer Fraud Act."). A plaintiff is thus inadequate to be a class representative for ICFA claims if the plaintiff was aware of the alleged defects before she purchased the product. *See, e.g.*, *Sherwin v. Samsung Electronics America, Inc.*, 2019 WL 10854535, at *3–4 (N.D. Ill. Dec. 18, 2019) (denying class certification because defendant had "an arguable defense that plaintiff was aware of the defects before purchasing the [product] and was, therefore, not deceived"); *Lipton*, 289 F.R.D. at 458–60 (denying class certification where the plaintiff testified "that she would have bought [the product] even if [the contaminant] had been listed as an ingredient" because an "ICFA claim requires proof of materiality and causation" and a "defense need not be a sure bet to defeat . . . adequacy.").

On this point, Clark's deposition testimony is dispositive. In her deposition, Clark testified that between March 2019 and March 2022, she purchased Smokehouse® Almonds "every few months" at CVS, Walgreens, and Walmart locations in Chicago. R. 116-4 at 44–46. She stated that her last purchase occurred a few days before March 21, 2022, when she signed a representation agreement with her counsel for this lawsuit. *Id.* at 42. At some point prior to signing the representation agreement, Clark came across a Facebook advertisement from Plaintiffs' counsel which stated: "According to recent investigations, many of these smoked almond snacks use added

3

smoke flavor instead of nuts actually being smoked. If you have recently purchased a product like this, sign up below." *Id.* at 14. During her deposition, Clark was asked: "Do you recall when you viewed this advertisement on Facebook?" *Id.* She answered: "I'm not sure exactly, but I'll say 2019 or '20." *Id.* She was also asked, in reference to that sentence of the advertisement, "[I]s this how you learned that the [Smokehouse® Almonds] had smoke flavor in them?" *Id.* And she answered: "Yes." *Id.*

Per Clark's own deposition testimony, Clark had knowledge of the alleged defect—that the Smokehouse® Almonds were seasoned rather than smoked—and yet she continued to purchase the product every few months for over a year. Clark is thus inadequate to serve as the class representative because she cannot show proximate causation as required to prevail on her claim.

Aware of this fatal flaw, Plaintiff's counsel attempts to remedy the issue in its reply brief. R. 166. First, Plaintiff's counsel Spencer Sheehan submits his own declaration. R. 168. In his declaration, Sheehan states that his "records indicate that this group of [Facebook] advertisements were not targeted to Illinois at any time in 2019 or 2020" and based on Sheehan's "understanding of how Facebook advertisements are shown," he claims that "it would be almost impossible for someone outside the targeted area to see an advertisement not directly targeted to their geographic region." *Id.* ¶¶ 4–5. Sheehan admits in the declaration, however, that Clark "submitted her information in response to the advertisement" approximately one year before she signed the representation agreement in March 2022. As such, the declaration fails to salvage the proximate cause issue because according to Sheehan, Clark saw the advertisement around March 2021, yet she still continued to purchase almonds for another year.[1]

---

[1] Blue Diamond moves to strike Sheehan's declaration for (1) raising new arguments on reply, (2) relying on records not produced during discovery, and (3) treating Sheehan as an expert witness. R. 182. The Court need not reach these issues because the declaration does not salvage class certification. The motion to strike is thus denied as moot.

4

Second, Plaintiff's counsel points to Clark's interrogatory responses. In Clark's original interrogatory responses, Clark stated that she "became aware that the [Smokehouse® Almonds] were not smoked in a smokehouse" when "she viewed the advertisement from Plaintiff's Counsel on Facebook." R. 130-3 at 7. According to Clark's deposition testimony that would have been in 2019 or 2020, and according to Sheehan's declaration that would have been around March 2021. Clark later amended her interrogatory response on this point to say that she "became aware that the [Smokehouse® Almonds] were not smoked in a smokehouse" when "she spoke to her attorney on the telephone after she signed the Representation Agreement." R. 130-6 at 3. Based on the amended interrogatory response, Clark is able to show proximate cause because she stopped purchasing the Smokehouse® Almonds after she signed the representation agreement.

Still, however, the amended interrogatory response does not salvage the proximate cause issue. At best, it creates a dispute of fact. On one hand, Clark's deposition testimony, Sheehan's declaration, and Clark's original interrogatory responses all support Blue Diamond's position that there is no proximate cause. On the other hand, the amended interrogatory response supports Clark's position.[2] To be sure, during a trial, Blue Diamond would focus on this issue as a unique defense relevant to Clark. And as stated above, the unique defense need only be arguable. Here, the weight of evidence supports Blue Diamond's position that there is no proximate cause. The defense is certainly arguable.

---

[2] Notwithstanding the credibility issue it raises in that Clark would have needed to somehow click through the Facebook advertisement and submit her information to Plaintiff's counsel without actually reading the advertisement.

5

## Conclusion

For the reasons stated above, Clark's motion [114] for class certification is denied. Plaintiff's motion [181] to strike is denied as moot. The parties shall file a joint status report by 2/23/26 setting forth how they intend to proceed on Plaintiff's individual claims and whether they have considered settlement negotiation in light of the Court's ruling.

**SO ORDERED.**                                     **ENTERED: February 20, 2026**

 

**HON. JORGE L. ALONSO**
**United States District Judge**